953 P.2d 214

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Peter LEVICEK, Defendant–Appellant.**

No. 22889.

Supreme Court of Idaho,
Boise, November 1997 Term.

Jan. 21, 1998.

Peter Levicek, Czech Republic, pro se defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

WALTERS, Justice.

In this appeal, we are asked to review the district court's denial of a motion to rehear a restitution determination following the entry of an order for restitution as a condition of probation in a criminal case. We affirm.

Peter Levicek pled guilty to child custody interference, I.C. § 18–4506, stemming from the removal of his minor daughter from the custody of the child's mother, Kamila Levicek, and taking her to live with him in the Czech Republic. A judgment of conviction was entered in the district court on December 29, 1995, and Levicek was sentenced to a term not to exceed five years, with a minimum period of confinement of two years. By a separate order of the same date, the district court suspended execution of the sentence and placed Levicek on probation for five years. Pursuant to the terms and conditions set forth in the probation order, the district court directed Levicek to serve 120 days in the county jail, with credit for time already served, and to pay restitution in the amount of $22,988 at the rate of at least $7,000 per year with full payment to be made within three years.

On January 16, 1996, Levicek filed *pro se* a "motion to set restitution hearing" in which he contested the amount of the restitution and challenged the undocumented expenses incurred by Kamila Levicek to retrieve her daughter, upon which the restitution figure was based. Finding that the amount of restitution had been determined at a hearing in conjunction with the sentencing proceeding, at which Levicek and counsel were present, the district court denied the motion on March 4, 1996. On April 5, 1996, Levicek filed a notice of appeal from the order denying his motion. The notice of appeal identified Levicek's *pro se* motion as having been brought under Rule 60(b)(2), (3) and (6), and specified that the order denying Levicek's motion was an appealable order pursuant to

Idaho Appellate Rule 11(a)(7), relating to civil actions.[1]

Levicek's arguments on appeal address three issues: (1) Did the district court err in determining the amount of restitution Levicek was ordered to pay? (2) Did I.C. § 19–5304(2) require the district court to issue an order for restitution separate from the judgment of conviction or the order of probation? and (3) Did the district court abuse its discretion in denying Levicek's motion to conduct a rehearing on the restitution question?

■ Preliminarily, we note that the scope of appellate review . of Levicek's issues is limited. Idaho's restitution statute, section 19–5304(10), Idaho Code, provides that "[a] defendant, against whom a restitution order has been entered, may, within forty-two (42) days of the entry of the order of restitution, request relief from the restitution order in accordance with the Idaho rules of civil procedure relating to relief from final orders." This process is an option available to a defendant in a criminal action as an alternative to an immediate appeal. *State v. Aubert,* 119 Idaho 868, 869, n. 3, 811 P.2d 44, 45, n. 3 (Ct.App.1991). With respect to an appeal, Idaho Appellate Rule 14 provides that "[a]ny appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action." The rule also provides that the time for appeal from any civil judgment, order or decree in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action; however, the rule excepts motions under Rule 60 of the Idaho Rules of Civil Procedure, such as the one filed by Levicek with the district court, as a method for tolling the time for appeal. Additionally, although Rule 14 further provides that the time for the appeal from a criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, a motion under the *civil* rules of procedure, such as the Rule 60(b) motion filed by Levicek under I.C. § 19–5304(10), clearly would not affect the time to appeal from the judgment of conviction or the order of probation in a criminal action. As a result, the questions raised by Levicek on appeal with respect to the amount determined by the district court for restitution as a condition in the probation order and whether the district court was required procedurally to issue an order for restitution separately from the judgment of conviction or from the probation order, are untimely challenges, since they should have been raised by an appeal taken within forty-two days of the entry of the judgment of conviction and the probation order on December 29, 1995.

■ Accordingly, Levicek's appeal is timely only with regard to the order denying his motion on March 4, 1996, to set a restitution hearing. The disposition of that motion by the district court was a decision to be made within the court's sound discretion. *Johnston v. Pascoe,* 100 Idaho 414, 599 P.2d 985 (1979). As with every discretionary decision, the exercise of discretion must be within the boundaries governing the available choices and consistent with any legal standards applicable to those choices, and the decision must be reached through the exercise of reasoning. *Standards of Appellate Review in State and Federal Courts,* IDAHO APPELLATE HANDBOOK § 4.4 (Idaho Law Foundation, Inc., 3d ed.1996); *State v. Hedg-*

---

1. Levicek's designation of Rule 60(b) evidently refers to Idaho Rule of Civil Procedure Rule 60(b), which provides several grounds· for relief from a final judgment or order in a civil action, inasmuch as the Idaho Criminal Rules currently do not include a rule numbered 60. This assumption is born out by Levicek's further characterization of the appeal as one under I.A.R. 11(a)(7). Idaho Appellate Rule 11 provides in relevant part as follows:

An appeal as matter of right may be taken to the Supreme Court from the following judgments or orders:

(a) Civil Actions. From the following judgments and orders of a district court in a civil action:

. . .

(7) Any order made after final judgment. . . .

*er*, 115 Idaho 598, 768 P.2d 1331 (1989). The district court considered that Levicek had been present at the restitution hearing conducted along with the sentencing hearing. The district court also noted that Levicek, through his counsel, had the opportunity to cross-examine Kamila Levicek about the losses she suffered as a result of Levicek's absconding with their daughter. The district court determined that Levicek had not shown good cause for the matter to be reheard.

We conclude that the district court did not abuse its discretion in denying the motion to set a restitution hearing. Therefore, we affirm the order denying the motion. No costs or fees are awarded on appeal.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.