**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36620**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2010 Opinion No. 90** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: December 30, 2010** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| THEODORE CHARLES MOSQUEDA, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Judgments of conviction and sentences for two counts of delivery of a controlled substance, <u>affirmed</u>. Order of restitution, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

PERRY, Judge Pro Tem

Theodore Charles Mosqueda appeals from his judgments of conviction entered following a jury trial on two counts of delivery of a controlled substance. He asserts several errors in the district court's order for restitution and also that his sentences of incarceration are excessive. We affirm.

## I.

## FACTS AND PROCEDURE

After an Ada County Sheriff's detective received information that Mosqueda and his girlfriend, Patricia "Penny" Garcia, were selling prescription pills, an undercover officer called Mosqueda and set up a controlled buy. On April 10, 2008, the officer, accompanied by a surveillance team consisting of several additional officers, met with Mosqueda and purchased thirty-two oxycodone pills from him. A week later another controlled buy was arranged with

1

Mosqueda. At this meeting, occurring on April 16, 2008, Mosqueda was accompanied by Garcia and the officer purchased forty hydrocodone pills from the couple. On two subsequent occasions May 14, 2008, and July 14, 2008, the undercover officer called Garcia and set up two additional controlled buys with her. The undercover officer, again accompanied by the surveillance team, met with Garcia and purchased prescription pills from her. Mosqueda was not personally involved in or charged with any criminal offense related to these two later deliveries.

Mosqueda was charged with delivery of a controlled substance (oxycodone), I.C. § 37-2732(a)(1)(A), for the April 10 buy and delivery of a controlled substance (hydrocodone), I.C. § 37-2732(a)(1)(A), for the April 16 buy, and was convicted of both charges following a jury trial. At the time set for sentencing, the state sought restitution in the amount of $4,235.17 for "investigative costs" under the provisions of I.C. § 37-2732(k) and presented documentation in support of that request. Mosqueda objected on the basis that the restitution documentation had not been disclosed in advance of the hearing. The district court vacated the sentencing hearing for two weeks to allow Mosqueda time to review the state's request.

At the ensuing sentencing hearing the state again presented its restitution request for $4,235.17. Mosqueda's public defender attempted to stipulate to the amount of the restitution sought, but Mosqueda personally objected. The state responded that if Mosqueda insisted on a full restitution hearing it might seek restitution for the costs incurred for the officers to attend that hearing pursuant to the provisions of I.C. § 37-2732(k). After discussions with the prosecutor, the district court explained to Mosqueda that, should restitution be ordered, the costs for the officers to attend a further restitution hearing could cause the restitution amount to increase by approximately $760. Mosqueda continued to object. The district court calendared a full restitution hearing for a later date and proceeded to sentence Mosqueda for his convictions. The district court imposed a unified sentence of ten years, with three years fixed, on the oxycodone conviction and a concurrent unified sentence of five years, with three years fixed, on the hydrocodone conviction.

At the further restitution hearing the state presented the testimony of an Ada County Sheriff's Office records custodian regarding the hours worked by the various officers involved in the case and how their hourly rate of pay was calculated, which included designated monetary amounts for certain allotted fringe benefits. The state presented a written breakdown of its restitution request, again seeking the same amount as requested before, $4,235.17. Mosqueda,

2

through counsel, contended that restitution was not statutorily authorized for officers' time attendant to the May 14 and July 14, 2008, controlled buys from "co-defendant"[1] Garcia because I.C. § 37-2732(k) allows only "restitution for costs incurred by law enforcement agencies in investigating the violation[s]" for which he was convicted and that he was not charged with a crime relating to those two later deliveries. Mosqueda further contended that restitution was not warranted because the state's investigative hours worked, with regard to his convictions, appeared inflated. The state responded to this last argument with a request for a full evidentiary hearing at which all the officers could be present and testify and indicated the costs of doing so would be included in an amended restitution request. In response, Mosqueda contended that the statute did not authorize restitution for the cost of having the officers testify at the restitution hearing itself. Ultimately, the district court granted the state's motion to continue the restitution hearing to a later time so that the officers could testify.

At the final restitution hearing the officers involved in the controlled buys appeared and testified. Contrary to Mosqueda's contentions, the district court held that the costs for the officers to attend the restitution hearing were compensable under the terms of the statute. The court further held, based on the testimony, that the costs associated with the officers' time spent on the Garcia May 14 and July 14 controlled buys were reasonably incurred in investigation of the violations for which Mosqueda was convicted because those later controlled buys could have produced evidence admissible against Mosqueda during his criminal trial. The district court entered a restitution order against Mosqueda in the amount of $5,178.50, which encompassed the original restitution request and the additional amounts for the officers' time to testify at the final restitution hearing. Mosqueda appeals.

## II.

## ANALYSIS

This appeal involves the interpretation of the provisions of I.C. § 37-2732(k), the restitution statute applicable to convictions under the delivery statute. The subsection states:

> Upon conviction of a felony or misdemeanor violation under this chapter or upon conviction of a felony pursuant to the "racketeering act," section 18-7804, Idaho Code, or the money laundering and illegal investment provisions of section 18-8201, Idaho Code, the court may order restitution for costs incurred by

---

[1] Mosqueda and Garcia were never "co-defendants" as they were charged and tried in separate criminal cases.

3

law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually incurred, including regular salaries of employees. In the case of reimbursement to the Idaho state police, those moneys shall be paid to the Idaho state police for deposit into the drug and driving while under the influence enforcement donation fund created in section 57-816, Idaho Code. In the case of reimbursement to the office of the attorney general, those moneys shall be paid to the general fund. A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

The interpretation of a statute is a question of law, over which this Court exercises free review. *State v. Hensley*, 145 Idaho 852, 855, 187 P.3d 1227, 1230 (2008). This Court will not construe plain, unambiguous statutory language unless the result is palpably absurd. *Id.* The statute must be viewed as a whole, and analysis begins with the literal words which are given their plain, usual and ordinary meaning. *Id.*

## A.     Computation of the Officers' Hourly Rates of Pay

At one of the hearings, the Ada County Sheriff's Office records custodian generally testified that she calculated the officers' hourly rates of pay by including therein amounts incurred by the county for allotted fringe benefits, such as vacation. On appeal, Mosqueda asserts that the district court erred in using these hourly rates in awarding restitution because the statute directs that only "regular salaries of employees" are compensable.

Mosqueda's claim of error fails on appeal because it was not preserved. Mosqueda did not challenge the propriety of the state's calculation of the officers' hourly pay rates at any of the hearings in this case. This Court will not consider issues not raised in the court below, *State v. Wheaton*, 121 Idaho 404, 407, 825 P.2d 501, 504 (1992), including contentions that restitution was awarded in error because it was not statutorily authorized. *State v. Dorsey*, 126 Idaho 659, 662, 889 P.2d 93, 96 (Ct. App. 1995).

4

**B.     Vindictive Punishment**

Mosqueda next asserts that the district court's award of restitution unconstitutionally punished him, in violation of due process, for exercising his statutory and due process right to challenge the state's restitution request. Mosqueda's contention appears to be that the district court, by certain "statements and suggestions," encouraged the prosecutor to seek additional restitution beyond that originally sought, that the prosecutor then did so, and that the district court thereafter awarded the higher amount of requested restitution.

Mosqueda concedes that he did not raise this issue below, but he asserts this Court may review his claim that a "vindictive sentence" was imposed for the first time on appeal under the fundamental error doctrine. We disagree. Because the restitution statute at issue here, I.C. § 37-2732(k), applies only to certain limited convictions and contains no provisions concerning the nature of a restitution award or the proceedings to obtain that award, we find guidance by reference to the general restitution statute, I.C. § 19-5304. Under that latter statute, restitution, while attendant to a criminal conviction and most-often adjudicated at the sentencing hearing,[2] is not part of a defendant's "sentence." *See State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002) (a criminal defendant may not seek relief from a restitution order through an Idaho Criminal Rule 35 motion); *State v. Bybee*, 115 Idaho 541, 542 n.1, 768 P.2d 804, 805 n.1 (Ct. App. 1989) (same). Instead, a restitution proceeding is, in essence, a civil proceeding distinct from the criminal case.[3] *See* I.C. § 19-5304(6) (restitution awards are determined "upon the preponderance of the evidence."); *see also* I.C. § 19-5305 (an order awarding restitution may be recorded and executed upon as a civil judgment).

The fundamental error doctrine allows a criminal defendant the opportunity, in strictly limited circumstances, to raise an issue challenging his conviction on direct appeal that was not formally preserved before the trial court. *State v. Perry*, ___ Idaho ___, ___ P.3d ___ (Dec. 7, 2010); *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). This Court has held that a

---

[2]     *See* I.C. § 19-5304(6).

[3]     A challenge to an order awarding restitution may be raised as part of a criminal appeal from the judgment of conviction, as was done in this case, or, alternatively, may be raised in a separate appeal under the Idaho Rules of Civil Procedure. *State v. Levicek*, 131 Idaho 130, 131, 953 P.2d 214, 215 (1998). However, we see no compelling reason to distinguish which process was used in reviewing an award on appeal.

claim of fundamental error may not be invoked to raise an issue for the first time on appeal in a post-conviction case because a post-conviction proceeding is civil in nature. *Person v. State*, 147 Idaho 453, 455, 210 P.3d 561, 563 (Ct. App. 2009). The same reasoning applies here. We hold that the fundamental error doctrine may not be invoked to raise a restitution issue for the first time on appeal because restitution proceedings are civil in nature. Therefore, we decline to address this claim of error by Mosqueda.

**C.      Costs Incurred at the Restitution Hearing Itself Are Compensable Under the Statute**

Mosqueda next argues that the district court erred by concluding that costs incurred as a result of the officers attending the restitution hearing were compensable under the provisions of I.C. § 37-2732(k). The statute, in relevant part, states:

> [T]he court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually incurred, including regular salaries of employees.

Mosqueda argues, as he did below, that the cost of an officer attending a restitution hearing is not compensable under the statute because this circumstance cannot reasonably be considered a cost incurred in "investigating the violation." By his argument, however, Mosqueda emphasizes the introductory statutory language that tends to support his conclusion, while he omits reference to other more general statutory language that negates it. It is true that the first sentence of the statute refers to costs incurred in *investigating* a violation, but the statute provides for reimbursement for numerous costs that would not, in the everyday use of the term, be considered part of an "investigation." Viewing the statute as a whole, it specifically provides for reimbursement for any "investigative or prosecution costs actually incurred," with specific authorization for recovery of costs incurred at "hearings" and "trials." We conclude, as the district court did below, that a reasonable reading of the statute includes costs incurred for law enforcement employees' attendance at a restitution hearing. Therefore, that component of the order of restitution was authorized by I.C. § 37-2732(k) and no error has been shown.

6

**D. The District Court Did not Err in Awarding Restitution for Officers' Time Attendant to the May 14 and July 14, 2008, Controlled Buys from Garcia**

Idaho Code § 37-2732(k) provides, in relevant part, that "[u]pon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation." Mosqueda contended below that restitution was not statutorily authorized for officers' time spent attendant to the May 14 and July 14, 2008, controlled buys from Garcia because the statute allows only restitution for costs incurred in investigating "the violations" for which he was convicted and that he was not charged with a crime relating to those two later deliveries.

This is an issue of first impression concerning a statute that is unique to the state of Idaho. By its express terms, the statute requires a "conviction of a felony or misdemeanor violation under this chapter" in order for restitution to be awarded. Beyond this initial limitation, however, the sweep of the statute is broad. At issue here is the scope of restitution allowed "in investigating the violation" where subsequent police investigation did not directly implicate the defendant or result in either charges or chapter convictions against the defendant.

Mosqueda argues that the district court's rejection of his argument and resulting award of restitution here effectively and impermissibly amended the statute from "investigating the violation" to "investigating the defendant." His argument, in essence, is that if restitution is not limited by disallowing restitution for police investigation in the circumstances presented, there are no effective limitations to the amounts that can be awarded under the statute in terms of reasonableness. We disagree. First, the prosecution here produced evidence, in the form of officer testimony, that the violations for which Mosqueda was convicted were still being investigated by the police by way of the later controlled buys from Garcia. The district court found that based upon the officer's testimony, the officers' time spent on these later controlled buys were, under the statute, incurred in investigation of the violations for which Mosqueda was convicted because those later controlled buys could have produced evidence admissible against Mosqueda during his criminal trial. However, we note in the absence of evidence establishing this link to a defendant's conviction or "violation under this chapter," restitution under the statute would not be statutorily authorized.

In addition, the statute here specifically provides that "the court *may* order restitution for costs incurred by law enforcement agencies in investigating the violation." The word "may" is

7

permissive, *Scott Beckstead Real Estate Co. v. City of Preston*, 147 Idaho 852, 854, 216 P.3d 141, 143 (2009), and it denotes the right to exercise discretion, *Marcia T. Turner, L.L.C. v. City of Twin Falls*, 144 Idaho 203, 211-12, 159 P.3d 840, 848-49 (2007). Thus, should a trial court determine that the connection between the defendant's conviction and the "investigative costs" sought through the state's restitution request is tenuous or that the amounts sought are inflated or unreasonably incurred, it possesses the discretion to deny all or part of the state's restitution request.

In this case, we are persuaded by the state's argument that, while the subsequent police investigation did not directly implicate Mosqueda or result in additional charges or convictions against him, it does not necessarily prove that the investigation was not reasonably part of "the violation" within the meaning of the statute. The district court's findings that the later controlled buys were compensable in restitution under the statute because those buys were, at least in part, in furtherance of development of evidence admissible against Mosqueda during his criminal trial was based upon substantial and competent evidence. Mosqueda does not argue that those findings were not so supported. In addition, because the statute itself allows for the exercise of judicial discretion in limiting or disallowing restitution in cases where the link between the conviction and the investigation is questionable, the statutory limiting language "for the violation" is not reduced to a nullity nor does it effectively amend the statute to automatically make compensable costs incurred in investigating "the defendant." For the above reasons, we hold no error has been shown in the district court's award of restitution against Mosqueda relative to police costs incurred during the later two controlled buys.

### E.    Claim of Excessive Sentences

The district court imposed a unified sentence of ten years, with three years fixed, on the oxycodone conviction and a concurrent unified sentence of five years, with three years fixed, on the hydrocodone conviction. Mosqueda claims that these sentences are excessive.

Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review. *See State v.*

*Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Mosqueda has a lengthy criminal record dating back to 1981 including charges and convictions for vehicle theft, vandalism, possession of a dangerous weapon, assault with a deadly weapon, resisting officers, disorderly conduct, selling illegal narcotics, possessing illegal narcotics, being under the influence of illegal narcotics, theft, aggravated assault, battery, domestic violence, violation of a no contact order, and probation and parole violations. He has previously served time in a California penitentiary for burglary. Considering Mosqueda's criminal history, his assertion that his sentences are excessive because this was his first conviction for selling illegal drugs and because he thought he was selling the drugs to a person that needed them to relieve his back pain are not convincing. His claim that his sentences are excessive is without merit.

### III.
### CONCLUSION

The district court's restitution order and the defendant's sentences are affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**

9