# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39811

STATE OF IDAHO,                                         )
                                                        )   **2014 Opinion No. 7**
    Plaintiff-Respondent-Cross Appellant, )
                                                        )   **Filed:  February 4, 2014**
v.                                                      )
                                                        )   **Stephen W. Kenyon, Clerk**
MARTIN CARDENAS CARDOZA, aka                            )
MARTIN CARDOZO-CARDENAS, JOSE                           )
CARDENAS CARDOZA, JOSE CARDOZA                          )
CARDENAS, ISMAEL ALONZO-                                )
CARDOZA, ISMAEL ALONZO-                                 )
CARDOZO, MARTIN CARDOZA                                 )
CARDENAS, ISMAEL ALONZO-                                )
CARDOZO, ISMAEL ALONZO,                                 )
                                                        )
    Defendant-Appellant-Cross               )
    Respondent.                             )
                                                        )

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Renae J. Hoff, District Judge.

Judgment of conviction for aiding and abetting trafficking in methamphetamine, <u>affirmed</u>.  Restitution order <u>vacated</u> and case <u>remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.  Jeffrey Brownson argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.  John C. McKinney argued.

_____

LANSING, Judge

Martin Cardenas Cardoza appeals from his conviction for aiding and abetting trafficking in methamphetamine, Idaho Code §§ 37-2732B(a)(4), 18-204.  Cardoza contends that the district court erred in admitting evidence that he had engaged in prior drug transactions and evidence that methamphetamine was found in his pickup in Oregon.  The State cross-appeals, contending that the district court erred by denying its request for restitution for the prosecutor's time spent

1

on this case. We affirm the judgment of conviction, vacate the restitution order, and remand for further proceedings.

# I.

# BACKGROUND

In May of 2011, an individual was arrested by the Idaho State Police. At the time, he was on felony probation for drug possession. With the aim of avoiding adverse probation consequences, this individual agreed to cooperate with law enforcement in pursuit of other drug distributors. He told Idaho State Police Detective Christensen that he had been selling methamphetamine that he obtained in bulk periodically from J.C. and another man he had met and communicated with several times but knew only as "El Primo." The informant further said that sometimes both men made the delivery but other times El Primo was alone. At Christensen's request, the informant arranged for the delivery of one pound of methamphetamine. The informant contacted El Primo and set a time for the delivery at a mall parking lot in Nampa.

The informant, Christensen, and several ISP officers attended and awaited the arrival of the vehicle that the informant said had been used in previous deliveries, a green GMC Yukon with Canyon County, Idaho license plates. When the Yukon arrived, it was accompanied by a red Mazda whose driver was apparently engaged in countersurveillance. The drivers were the only occupants of the vehicles. Before any exchange or contact between the informant and either driver, police pulled the drivers from the vehicles and arrested them. The driver of the Yukon was the defendant, Cardoza, whom the informant identified as the person he knew as El Primo. The driver of the Mazda was Trinidad Cardoza, the defendant's uncle. The Yukon was registered to Trinidad. A plastic bag containing a pound of methamphetamine was found on the floor of the Yukon, partially hidden under a piece of paper.

The police, with the aid of Oregon authorities, obtained search and arrest warrants and went to J.C.'s residence in Nyssa, Oregon. There they found parked outside of the residence a white pickup with California plates that was registered to Cardoza. In searching the pickup, police found over one pound of methamphetamine in the glove box and airbag compartment.

Based upon the drugs found in Idaho in the Yukon, Cardoza was charged with aiding and abetting trafficking in methamphetamine (over 400 grams) by delivery or possession, I.C. §§ 37-2732B(a)(4), 18-204. Prior to trial, and pursuant to Idaho Rule of Evidence 404(b), the

2

prosecution filed a notice of its intent to introduce evidence of the methamphetamine found in Cardoza's truck in Oregon and testimony from the informant concerning Cardoza's procedures and statements in prior drug deliveries. At a hearing after jury voir dire but before opening statements, the prosecutor made an offer of proof of the nature of the evidence and testimony he sought to introduce. Defense counsel objected, contending that such evidence would be unfairly prejudicial. The district court concluded the evidence was relevant to, among other things, showing Cardoza's knowledge of the presence of the drugs in the Yukon and that its probative value was not substantially outweighed by the risk of unfair prejudice to Cardoza. Accordingly, the district court held Rule 404(b) did not preclude admission of the evidence.

The jury found Cardoza guilty. Cardoza appeals from the ensuing judgment of conviction, asserting that the district court erred in its Rule 404(b) determination. The State cross-appeals, contending that the district court erred by partially denying the State's motion for restitution under I.C. 37-2732(k).

## II.

## ANALYSIS

### A.    Evidence of Other Drug Possession and Transactions

Over Cardoza's objection, the district court allowed the informant to testify that he had met Cardoza through J.C. in the course of drug transactions and that the informant had known him only as "El Primo." The informant said that from these prior transactions, he knew that Cardoza obtained the drugs in California and transported them to the Idaho area by automobile, but Cardoza made the delivery of the drugs in Idaho in a borrowed vehicle with Idaho license plates so as not to arouse suspicion. He said that Cardoza had previously used the green Yukon for deliveries in Idaho, and that J.C. and Cardoza worked together. Also over Cardoza's Rule 404(b) objection, the court allowed officers to testify that after arresting Cardoza for his possession of the methamphetamine found in the Yukon in Idaho, they found additional methamphetamine in the truck in Oregon that was registered to Cardoza. On appeal, Cardoza argues that the court erroneously found this evidence admissible despite the restrictions of I.R.E. 404(b).

Rule 404(b) precludes admission of evidence of uncharged crimes, wrongs, or acts "to prove the character of the person in order to show that the person acted in conformity therewith." Such evidence may be admitted, however, for purposes other than those prohibited by

3

Rule 404(b). *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). When addressing a Rule 404(b) objection, the trial court is to first determine whether there is sufficient evidence of the other acts that a reasonable jury could find the uncharged conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009); *Parmer*, 147 Idaho at 214, 207 P.3d at 190. On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice is reviewed for an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Cardoza first contends that the district court did not make the determination required by *Grist* that there was sufficient evidence from which the jury could find that the prior drug transport activities described by the informant actually occurred. He asserts that the court erred because it failed to make the requisite finding on the record. In *Cooke v. State*, 149 Idaho 233, 233 P.3d 164 (Ct. App. 2010), we held that a trial court is required to make a specific articulation as to the sufficiency of the evidence of the uncharged conduct only if that question is squarely at issue. *Id.* at 240, 233 P.3d at 171. If the sufficiency of the evidence is at issue, a specific finding is necessary for the determination of relevance. *Id.* If the defendant did not dispute in the trial court that the alleged other crimes, wrongs, or acts occurred, then the trial court is not called upon to make a determination on the record to the sufficiency of the evidence of their occurrence. *Id. See also State v. Gomez*, 151 Idaho 146, 151, 254 P.3d 47, 52 (Ct. App. 2011).

Here, Cardoza did not contend in the district court that the informant's testimony about Cardoza's other uncharged criminal acts was insufficient to permit a jury finding that they occurred.[1] He argued only that the evidence was inadmissible because the risk of unfair

---

[1] Had he done so, the State might have sought to marshal other supporting evidence.

prejudice substantially outweighed its probative value. Accordingly, the district court was not required to address a specific finding to that issue.

Cardoza next asserts that the district court erred in finding that the evidence was relevant to Cardoza's knowledge of the presence of the methamphetamine in the Yukon. We begin by noting that Cardoza's defense attorney conceded to the district court that the evidence was "relevant to intent, and that is an intrinsic element of the crime that's been charged," and counsel argued only that the risk of unfair prejudice of that evidence substantially outweighed its probative value. Thus, the district court's determination that is now challenged on appeal appears to have been invited.

Even if this concession does not bar Cardoza's contrary argument on appeal, we find the argument to be meritless. In order to prove Cardoza guilty of possession of methamphetamine, the State was required to prove that he had both knowledge and control of the methamphetamine found in the Yukon. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999); *State v. Ortiz*, 148 Idaho 38, 41, 218 P.3d 17, 20 (Ct. App. 2009); *State v. Silva*, 134 Idaho 848, 855, 11 P.3d 44, 51 (Ct. App. 2000). The evidence that a large quantity of methamphetamine was also found in a vehicle registered to Cardoza at a nearby location in Oregon supports an inference that he had knowledge and control of the methamphetamine in the Yukon he was driving in Idaho. The informant's testimony showed a direct connection between the drugs found in the two vehicles. He said that Cardoza had disclosed that his method of operation was to obtain drugs in California and transport them to the Idaho area in his own automobile, but he would then transport and deliver the drugs in Idaho in a borrowed vehicle with Idaho plates. The informant also said that Cardoza had previously used the same green Yukon for that very purpose. The testimony tends to show that when detained in this case, Cardoza was engaged in the very same modus operandi, following the same plan of operation, that he had used in other drug deliveries. It therefore supports the inference that he was engaged in a similar drug delivery and was cognizant of and exercising control over the methamphetamine in the Yukon when arrested in his case. Indeed, the testimony tended to show that the two quantities of methamphetamine found in two vehicles were parts of a single, ongoing criminal episode. The probative value is particularly acute in this case because Cardoza used a borrowed vehicle to make his actual delivery in Idaho, thereby preserving and lending plausibility to a later claim that the drugs did not belong to him and that he was unaware of their presence.

5

This circumstance is similar to that which we addressed in *State v. Pullin*, 152 Idaho 82, 87, 266 P.3d 1187, 1192 (Ct. App. 2011), where the defendant was charged with possession of methamphetamine found in his pants pocket and objected to the admission of evidence of two pipes with methamphetamine residue found in his vehicle. We held that the evidence from the vehicle was relevant to show the defendant's knowledge of the methamphetamine in his pants pocket. *Id.* We noted that, "in a possession of a controlled substance case '[t]he greater the amount of controlled substance found in a defendant's possession, the greater the inference of knowledge.'" *Id.* (quoting *State v. Groce*, 133 Idaho 144, 152, 983 P.2d 217, 225 (Ct. App. 1999). For this reason as well, the district court here did not err in holding that drugs in Oregon were relevant for purposes other than mere propensity to engage in criminal conduct.

Cardoza additionally argues, however, that the district court erred by allowing the State to submit the evidence in its case-in-chief to show his knowledge of the drugs in the Yukon because Cardoza had not yet, in the course of the trial, disputed that knowledge. Cardoza's argument is unsupportable. He pleaded not guilty, thereby contesting the charge. The State bore the burden to prove, as an element of the crime, that Cardoza had both knowledge and control of the methamphetamine found in the Yukon, regardless of whether Cardoza ever testified or otherwise expressly disputed the knowledge element. Therefore, the State was properly allowed to present the evidence in its case-in-chief. Moreover, Cardoza fails to acknowledge that in ruling on the admissibility of the evidence, the district court observed that Cardoza's questions to the venire during voir dire revealed that his defense would be lack of such knowledge, and therefore a pretrial determination of admissibility was warranted. Cardoza's closing argument asserted this precise defense.

Finally, and only as to the drugs found in his vehicle in Oregon, Cardoza contends that even if the evidence was relevant, the district court erred in concluding that the risk of unfair prejudice resulting from the evidence did not substantially outweigh its probative value. We review this determination for an abuse of discretion. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether

6

the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The gist of Cardoza's argument is that the district court did not articulate well its reason for finding that the evidence's probative value was not substantially outweighed by the risk of unfair prejudice. We disagree. The record shows that the district court correctly recognized this decision was within its discretion, detailed the applicable law on Rule 404(b) evidence, and used reason in its analysis of that law. No abuse of discretion has been shown.

**B.      Restitution for Prosecutor's Salary**

In its cross-appeal, the State contends that the district court erred in denying a portion of its request for restitution under I.C. § 37-2732(k). The district court disallowed the State's request for $1,500 in restitution, calculated by multiplying the deputy prosecutor's hourly rate-of-pay by the number of hours spent prosecuting the offense, including time spent at pretrial hearings, at trial, and at sentencing. The district court reasoned that because attorney fees were not expressly listed as recoverable in the restitution statute, the requested restitution was not authorized.

The statute in question, I.C. § 37-2732(k), authorizes restitution upon convictions under Chapter 27 of Title 37, Idaho Code. It states, in relevant part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually incurred, including regular salaries of employees.

In addressing the scope of recoverable costs under the statute, this Court has noted: "It is true that the first sentence of the statute refers to costs incurred in *investigating* a violation, but the statute provides for reimbursement for numerous costs that would not, in the everyday use of the term, be considered part of an 'investigation.'" *State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010). Our Supreme Court has held that "when the language of a statute is definite, courts must give effect to that meaning whether or not the legislature anticipated the statute's result." *Viking Const., Inc. v. Hayden Lake Irr. Dist.*, 149 Idaho 187, 192, 233 P.3d

118, 123 (2010), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). In *Verska*, the Court expanded upon this point:

> "The asserted purpose for enacting the legislation cannot modify its plain meaning. The scope of the legislation can be broader than the primary purpose for enacting it." *Viking Constr., Inc. v. Hayden Lake Irr. Dist.*, 149 Idaho 187, 191-92, 233 P.3d 118, 122-23 (2010). "If the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial." *In re Estate of Miller*, 143 Idaho 565, 567, 149 P.3d 840, 842 (2006). The interpretation of a statute "must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003) (citations omitted). "We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 667, 851 P.2d 961, 963 (1993).

*Verska*, 151 Idaho at 892-93, 265 P.3d at 505-06. Consequently, *Verska* concludes, a statute must be applied as written even if the statute "is patently absurd or would produce absurd results when construed as written." *Id.* at 896, 265 P.3d at 509.

Applying these standards, the plain language of I.C. § 37-2732(k) allows an award of restitution for any "costs incurred by law enforcement agencies," and law enforcement agencies expressly includes "county . . . prosecuting attorney offices." The statute further expressly provides that "[c]osts shall include" "prosecution expenses . . . including regular salaries of employees" incurred "throughout the course of . . . hearings and trials." Further, the statute states that its expressed list of recoverable costs is not all-inclusive. This statutory language plainly encompasses the salaries of prosecutors for their time devoted to the particular case. Cardoza argues that allowing restitution for prosecutors' salaries constitutes unsound public policy and creates undesirable incentives for prosecutors. As *Verska* states, however, the power to correct unwise policy encompassed within a statute lies solely with the legislature.

The district court erred by concluding that I.C. § 37-2732(k) did not authorize restitution for the prosecutor's salary for time expended on this case. Therefore, this matter must be remanded for the district court to reconsider the State's restitution request. On remand, the district court may exercise its discretion in determining the amount, if any, to award. *See*

8

*Mosqueda*, 150 Idaho at 835, 252 P.3d at 568 (noting that the word "may" in the statute is permissive, denoting the right of the court to exercise discretion).

## III.

## CONCLUSION

Cardoza having demonstrated no evidentiary error, the judgment of conviction is affirmed. The district court order partially denying the prosecution's motion for restitution is vacated and this matter is remanded for further proceedings consistent with this opinion.

Judge GRATTON and Judge MELANSON **CONCUR.**