IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43088

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 549 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 25, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTONIO MENDOZA  SANDOVAL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

Order for restitution, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Antonio Mendoza Sandoval appeals from the district court's order for restitution following his plea of guilty to delivery of a controlled substance.  Sandoval argues that the district court abused its discretion in ordering him to pay restitution for costs incurred in extraditing him from another state.  For the reasons set forth below, we affirm.

Pursuant to a binding I.C.R. 11 plea agreement, Sandoval pled guilty to one count of delivery of a controlled substance.  I.C. § 37-2732(a)(1)(B).  Sandoval's plea agreement expressly reserved the issue of restitution.  The district court sentenced Sandoval to a unified term of three and one-half years, with a minimum period of confinement of one year.  The district court suspended Sandoval's sentence and placed him on probation for a period of three years.  Citing I.C. § 19-5304, the district court entered an order for restitution, payable to the

1

Canyon County Sheriff's Office, in the amount of $585 for costs incurred in extraditing Sandoval from another state. Sandoval objected, requesting a hearing and relief from the order for restitution. Sandoval argued that the amount of restitution ordered exceeded the sheriff's office's economic loss and that there was no authority to grant restitution for the cost of Sandoval's extradition. Relying on I.C. § 37-2732(k), the district court concluded:

> The State in this matter had submitted a restitution order to the Court, which the Court signed, for $585, representing the costs asserted by the Canyon County Sheriff in going to . . . Nevada, picking up [Sandoval] and returning him here for prosecution . . . .
> The State is seeking reimbursement for that cost under Idaho Code 37-2732(k), which costs of investigation and prosecution are allowed to be recovered in the discretion of the Court. . . .
> As it is a matter of discretion, this Court has reviewed it, does feel that the costs requested by the State are appropriate, that the restitution order previously entered by the Court for the cost[s] of extradition in the amount of $585 pursuant to Idaho Code 37-2732(k) are appropriate. The Court exercises [its] discretion and does order that as a term and condition of probation [Sandoval] shall pay those costs of restitution to Canyon County, Idaho.

Consequently, the district court denied Sandoval's motion. Sandoval appeals.

On appeal, Sandoval argues that the district court abused its discretion by awarding restitution for costs associated with his extradition. Sandoval asserts he was not responsible for reimbursing the sheriff's office for such costs. Conversely, the state argues that the restitution was appropriate. Under I.C. § 37-2732(k), restitution may be ordered by the district court once a defendant is convicted of, or pleads guilty to, a crime under the Uniform Controlled Substances Act (UCSA). *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012). The Act provides, in relevant part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to . . . county and city prosecuting attorney offices. Costs shall include, but not be limited to . . . travel and per diem for law enforcement officers and . . . any other investigative or prosecution expenses actually incurred. . . . A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

I.C. § 37-2732(k). Because I.C. § 37-2732(k) does not provide specific guidance regarding the nature of a restitution award or the procedure to obtain such an award, we are guided by the

general restitution statute, I.C. § 19-5304. *Gomez*, 153 Idaho at 258, 281 P.3d at 95; *State v. Mosqueda*, 150 Idaho 830, 833-34, 252 P.3d 563, 566-67 (Ct. App. 2011).

The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

On appeal, the sole issue is whether the district court erred in concluding that the costs incurred in extraditing Sandoval from another state are reimbursable in restitution under I.C. § 37-2732(k). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Sandoval pled guilty to delivery of a controlled substance pursuant to I.C. § 37-2732(a)(1)(B), which qualifies as an offense for purposes of I.C. § 37-2732(k). Thus, the district court correctly determined that I.C. § 37-2732(k) is applicable. The plain language of I.C. § 37-2732(k) provides that, upon a qualifying conviction, "the court may order restitution for costs incurred" in investigating and prosecuting a violation. The statute is permissive in nature and

3

affords a trial court the right to exercise its discretion. *Mosqueda*, 150 Idaho at 835, 252 P.3d at 568. Although Sandoval correctly notes that extradition is not expressly mentioned in I.C. § 37-2732(k), we have held that the sweep of statute's language is broad. *Mosqueda*, 150 Idaho at 835, 252 P.3d at 568. Specifically, I.C. § 37-2732(k) provides that investigative or prosecution expenses actually incurred are subject to reimbursement for restitution. Such costs include but are not limited to travel for law enforcement, per diem expenses, and salaries of employees. *Id.* It follows that, because extradition costs directly relate to the state's ability to prosecute a defendant, such costs qualify as an expense under the broad and permissive language of I.C. § 37-2732(k).

Sandoval does not directly argue that such an interpretation of I.C. § 37-2732(k) is improper. Instead Sandoval contends that, although I.C. § 37-2732(k) generally allows restitution for costs incurred by law enforcement in investigating a violation, I.C. § 19-4528 governs in this instance and not I.C. § 37-2732(k). Sandoval reasons that, unlike I.C. § 37-2732(k) which does not mention extradition, I.C. § 19-4528 specifically provides that the state or county to which the defendant is extradited should reimburse law enforcement for extradition costs and places the burden of paying the cost of Sandoval's extradition on the state or the relevant county.

Idaho Code Section 19-4528 provides, in pertinent part:

> When the governor of this state . . . demands from the executive authority of any state or territory of the United States, or of any foreign government, the surrender to the authorities of this state of a fugitive from justice . . . the accounts of the person employed by him to bring back such fugitive must be audited by the board of examiners and paid out of the state treasury . . . whether with or without any demand or proceedings by the governor of this state and there is no appropriation of state funds available for the purpose at the time, reasonable compensation for the services of any person employed to bring the defendant in such criminal proceedings to this state and his expenses and the expenses on the account of the said defendant may be allowed and paid at the discretion of the board of county commissioners of the county where such criminal proceedings are pending from the general fund of said county . . . .

The statute directs the allocation of responsibility for costs of extradition as between the state and the relevant county when a defendant is extradited from another state. Although the statute governs who must bear the costs of extradition in the first instance, it has no bearing on whether a convicted defendant may be required to reimburse the state, county, or agency for those costs.

4

Thus, we are not persuaded by Sandoval's argument and conclude that I.C. § 19-4528 does not preclude a district court from ordering restitution for the costs of extradition under I.C. § 37-2732(k).

Sandoval also argues that, under I.C. § 19-5304, extradition is not an expense resulting from his criminal conduct because he was going about his life when he left Idaho and was unaware the grand jury had indicted him. However, restitution was awarded in this case under I.C. § 37-2732(k), which requires only a showing that Sandoval was convicted under Chapter 27 of Title 37, Idaho Code, and that costs were incurred by a law enforcement agency for investigation of prosecution of the offense.

Therefore, we hold that the district court properly exercised its discretion in finding that the extradition costs of $585 were compensable in restitution, under I.C. § 37-2732(k), to the Canyon County Sheriff's Office, an elected county official. Conversely, Sandoval has not demonstrated that the district court abused its discretion in entering an order for restitution of expenses incurred by law enforcement in extraditing Sandoval back to Idaho from another state. Accordingly, we affirm the district court's order for restitution.

Judge GRATTON and Judge HUSKEY, **CONCUR**.