IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 43641

| | |
|---|---|
| MARTIN CARDOZA, | ) 2017 Unpublished Opinion No. 303 |
| | ) |
| Petitioner-Appellant, | ) Filed: January 4, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| STATE OF IDAHO, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment denying petition for post-conviction relief, affirmed in part, vacated in part, and remanded.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Martin Cardoza appeals from the district court's judgment denying Cardoza's petition for post-conviction relief. Specifically, Cardoza argues that the district court erred in denying Cardoza's motion for discovery. For the reasons set forth below, we affirm in part, vacate in part, and remand.

In 2011, a police informant arranged for a delivery of drugs at a shopping mall parking lot. Cardoza was arrested by police when he arrived at the parking lot driving a vehicle the informant described as having been used in previous drug deliveries. It was alleged that police found a plastic bag containing methamphetamine on the floor of the vehicle. A jury found Cardoza guilty of aiding and abetting trafficking in methamphetamine. I.C. §§ 37-2732B(a)(4) and 18-204. In March 2012, the district court sentenced Cardoza to a unified term of twenty

1

years, with a minimum period of confinement of twelve years. Cardoza appealed and this Court affirmed Cardoza's judgment of conviction. *State v. Cardoza*, 155 Idaho 889, 318 P.3d 658 (Ct. App. 2014).

In November 2014, Cardoza filed a pro se petition for post-conviction relief and supporting affidavit claiming, *inter alia*, ineffective assistance of trial counsel for failing to obtain the mall's security video of Cardoza's arrest. Cardoza alleged he had told his trial counsel of Cardoza's actual innocence; that he had observed security cameras in positions which covered the vehicle; that the security video would show no one removed any drugs from the vehicle; and that, had the attorney obtained the security video and shown it to the jury, Cardoza would have been found not guilty. Cardoza also filed a pro se motion for discovery and an unsworn supporting statement to obtain the security video of the encounter. The district court appointed post-conviction counsel and, at a separate hearing, held Cardoza's pro se motion for discovery in abeyance and permitted counsel to file another motion for discovery if desired. Thereafter, the district court partially granted counsel's request to withdraw but ruled that counsel would remain as to claims contained in the supplemental petition for post-conviction relief. Cardoza elected to proceed pro se on some of the claims in his initial petition. On June 12, 2015, Cardoza filed a second pro se motion for discovery[1] seeking to obtain the security video. The district court denied Cardoza's second motion for discovery without a hearing. Following an evidentiary hearing, the district court denied both Cardoza's initial petition and the supplemental petition. Cardoza appeals.

Cardoza's sole argument on appeal is that the district court erred in denying his second motion for discovery to obtain the security video after erroneously ignoring the contents of Cardoza's sworn affidavit filed in support of his pro se petition seven months earlier. Cardoza cites to a footnote in the affidavit that he contends provided admissible evidence which the district court should have considered in ruling on Cardoza's motion for discovery. Consequently, Cardoza claims that the district court abused its discretion because Cardoza "requested production of a specific piece of evidence, from a specific organization, after it

---

[1] Notably, at the time Cardoza filed his second motion for discovery, the district court had not ruled on Cardoza's first motion for discovery that had been filed with his petition but later held in abeyance.

acknowledged the existence of the evidence, its possession thereof and its willingness to release the evidence upon service of a subpoena."

Whether to authorize discovery is a matter directed to the discretion of the court. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In Cardoza's affidavit, filed with his petition for post-conviction relief and first motion for discovery, Cardoza alleged that he had "contacted the security at [the mall,] they have the DVD available, but need an Order from the Court in order to release it." In denying Cardoza's motion for discovery for the security video, the district court found that Cardoza failed to allege that the security video existed or indicate who had possession of the security video. The district court ruled that, without knowing that the security video existed, it could not grant Cardoza's motion because discovery in post-conviction is not a fishing expedition for evidence. Similarly, in dismissing Cardoza's pro se petition in regard to his claims relating to trial counsel's failure to obtain the security video, the district court reasoned that Cardoza provided no evidence about what such a security video actually may have shown or whether a security video even existed.

Upon review of the record, the district court appears to have inadvertently overlooked Cardoza's sworn affidavit as related to the existence and possession of the security video in considering Cardoza's motion for discovery. Therefore, given the circumstances of this case, we reverse the district court's order denying Cardoza's motion for discovery and remand so that the district court may consider Cardoza's motion in light of his sworn affidavit.[2] Accordingly, the district court's judgment denying Cardoza's petition for post-conviction relief is affirmed in part, vacated in part, and remanded. Costs, but not attorney fees, are awarded to Cardoza on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

---

[2]    In remanding this case for consideration of Cardoza's motion for discovery, we do not disturb the judgment regarding those post-conviction claims not dependent on the security video. We express no opinion as to the merits of the discovery motion or the related claim.