IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 44444

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, Concordia, February 2017 |
| | ) | |
| v. | ) | 2017 Opinion No. 30 |
| | ) | |
| CHRISTINA ROSE WISDOM, | ) | Filed: April 11, 2017 |
| | ) | |
| Defendant-Appellant. | ) | Stephen W. Kenyon, Clerk |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

District Court's restitution order, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Deborah Whipple argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Mark Olson, Deputy Attorney General, argued.

---

BURDICK, Chief Justice.

This appeal concerns a restitution award an Ada County District Court entered under Idaho Code section 19-5304. The award requires Christina Wisdom to pay $11,069.82 for counseling services for the victim of her crime. Wisdom appealed the award to the Idaho Court of Appeals, which vacated the award for lack of causation. We granted the State's timely petition for review, and we affirm the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2013, Wisdom pled guilty to one count of injury to a child. That plea is based on Wisdom allowing her husband, Ronald Wisdom, to access Wisdom's daughter, M.L., who was born in a prior marriage, despite knowing that Ronald had previously sexually abused M.L. Wisdom first learned of Ronald's abuse shortly after it first occurred in 2007. At that time, M.L. told Wisdom of Ronald's abuse. Wisdom instructed M.L. "not to tell anyone . . . and that

1

[Wisdom] would figure things out." Wisdom, however, took no action. As a result, Ronald continued abusing M.L. until authorities intervened in 2013.

Ronald was indicted on three counts of lewd conduct with a minor under age sixteen. A jury convicted him on all three counts, and the "district court imposed concurrent unified 40-year sentences with 20 years fixed on each charge." The district court ordered Ronald to pay $11,069.82 in restitution for M.L.'s counseling, payable to Idaho Medicaid State Operations.

At Wisdom's sentencing, the State requested Ronald's restitution award be jointly and severally assessed against Wisdom. She made two objections. First, Wisdom argued the State had failed to establish her conduct caused M.L.'s injury. Second, Wisdom argued she could not repay the award. The district court rejected both objections and entered the award.

Wisdom appealed, and the Idaho Court of Appeals vacated the award for lack of causation. The State timely petitioned for review to this Court.

## II.     ISSUES ON APPEAL

1.      Is Idaho Medicaid State Operations a "victim" eligible for restitution?

2.      Did the State prove causation?

3.      Does the restitution award constitute an abuse of discretion?

## III.     STANDARD OF REVIEW

When addressing a petition for review, this Court will give "serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014) (citation omitted). "[W]hether to order restitution, and in what amount, is within the district court's discretion and is guided by consideration of the factors set forth in Idaho Code section 19-5304(7)." *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011) (citing *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002)). To determine whether the district court abused its discretion, this Court evaluates whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with relevant legal standards; and (3) reached its decision by an exercise of reason. *Swallow v. Emergency Med. of Idaho, P.A.*, 138 Idaho 589, 592, 67 P.3d 68, 71 (2003). The second and third requirements of that inquiry require the district court to base the restitution award on the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). What amount of restitution to award is a question of fact for the district court, whose

findings will not be disturbed if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401. Substantial evidence is "relevant evidence as a reasonable mind might accept to support a conclusion." *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013); *see also State v. Nelson*, slip op. 44177 at 6–7 (Feb. 27, 2017) (holding that unsworn representations on prosecution expenses did not constitute substantial evidence to support an award of restitution for prosecution expenses "actually incurred").

## IV.    ANALYSIS

Wisdom offers three main arguments to contend the restitution award is improper. First is that Idaho Medicaid State Operations is not a "victim" eligible for restitution. Second is that the State failed to prove Wisdom caused M.L.'s injury. Third is that the restitution award constitutes an abuse of discretion due to Wisdom's financial circumstances.

## A.    Wisdom failed to preserve whether Idaho Medicaid State Operations is a "victim" eligible for restitution.

Wisdom maintains that the district court erred by awarding restitution to Idaho Medicaid State Operations (IMSO) because the State presented no evidence that IMSO is a "victim" eligible for restitution under Idaho Code section 19-5304(1)(e). Wisdom did not raise this argument below, but she contends it is preserved for appeal and invokes both subject matter jurisdiction and fundamental error.

As to subject matter jurisdiction, Wisdom asserts the "imposition of restitution without any proof that [IMSO] is a victim per the statute was an action beyond the subject matter jurisdiction of the district court." Since subject matter jurisdiction cannot be waived and may be raised for the first time on appeal, Wisdom argues the issue is properly raised.

This Court has defined "subject matter jurisdiction" as referring to:

> (1) [T]he nature of the cause of action and of the relief sought; (2) the class of cases to which the particular one belongs and the nature of the cause of action and of the relief sought; (3) the power of a court to hear and determine cases of the general class to which the particular one belongs; (4) both the class of cases and the particular subject matter involved; and (5) the competency of the court to hear and decide the case. However, subject matter jurisdiction does not depend on the particular parties in the case or on the manner in which they have stated their claims, *nor does it depend on the correctness of any decision made by the court*.

*State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (emphasis added) (quoting 20 Am. Jur. 2d *Courts* § 70 (1995)).

3

Whether the district court erred by awarding restitution to IMSO on the basis that IMSO is not a "victim" does not implicate subject matter jurisdiction. Assuming the district court erred in this regard, the district court would have exceeded its authority by awarding restitution contrary to Idaho Code section 19-5304; its subject matter jurisdiction, however, would not be implicated. As instructed in *Rogers*, subject matter jurisdiction does not "depend on the correctness of any decision made by the court." 140 Idaho at 227, 91 P.3d at 1131.

Wisdom's second argument is fundamental error. In *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010), this Court articulated the fundamental error doctrine as follows:

> [T]he defendant bears the burden of persuading the appellate court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless. If the defendant persuades the appellate court that the complained of error satisfies this three-prong inquiry, then the appellate court shall vacate and remand.

Wisdom asserts that the (1) restitution award violates her right to due process; (2) error is clear from the record since the State presented no evidence concerning whether IMSO is a "victim"; and (3) error prejudiced her because, absent the error, no restitution would have been awarded.

Wisdom's fundamental error argument is foreclosed by *State v. Mosqueda*, 150 Idaho 830, 833, 252 P.3d 563, 566 (Ct. App. 2010). The defendant in *Mosqueda* claimed vindictive sentencing when the district court apparently encouraged the State to request additional restitution beyond the original request, and after the State then did so, the district court awarded the higher amount. *Id.* Conceding he failed to raise the vindictive sentencing argument until the appeal, the defendant asserted the argument was preserved under the fundamental error doctrine. *Id.* The Court of Appeals disagreed, reasoning that restitution is not part of a criminal sentence. *Id.* at 834, 252 P.3d at 567. "Instead, a restitution proceeding is, in essence, a civil proceeding distinct from the criminal case." *Id.* (citations omitted). As such, *Mosqueda* held "that the fundamental error doctrine may not be invoked to raise a restitution issue for the first time on appeal because restitution proceedings are civil in nature." *Id.*

*Mosqueda*'s conclusion that restitution proceedings are civil in nature is well-supported. *See, e.g.*, I.C. § 19-5304(6) (stating that restitution awards are determined "upon the preponderance of the evidence"); I.C. § 19-5305(1) (explaining that restitution awards may be recorded and executed as a civil judgment); *State v. McCool*, 139 Idaho 804, 806, 87 P.3d 291,

4

293 (2004) (instructing that a restitution award "becomes, in essence, a civil judgment for the amount of such restitution"). We further emphasize that restitution "is separate and apart from a criminal sentence." *Straub*, 153 Idaho at 886, 292 P.3d at 277. Thus, restitution is remedial, not punitive; it serves to compensate victims for their losses. *See* I.C. § 19-5302; *State v. Cottrell*, 152 Idaho 387, 397, 271 P.3d 1243, 1253 (Ct. App. 2012). Because restitution proceedings are civil in nature, the fundamental error doctrine does not apply.

Since Wisdom failed to preserve her argument concerning IMSO's victim status, we decline to address it.

**B.     Because the record before the district court established causation, the State was not required to submit additional evidence.**

Wisdom further contends the restitution award should be vacated because the State did not prove causation. This Court has summarized the causation requirement as follows:

> Idaho's restitution statute permits a court to order restitution for "any crime which results in an economic loss to the victim." I.C. § 19-5304(2). The statute defines victim as "a person or entity, who suffers economic loss or injury *as the result of the defendant's criminal conduct*." I.C. § 19-5304(1)(e)(i) (emphasis added). The term economic loss includes "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses *resulting from the criminal conduct*." I.C. § 19-5304(1)(a) (emphasis added). Therefore, in order for restitution to be appropriate, there must be a causal connection between the conduct for which the defendant is convicted and the injuries suffered by the victim.

*Corbus*, 150 Idaho at 602, 249 P.3d at 401. Importantly, causation under section 19-5304 rests on tort law principles. *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). "[C]ausation consists of actual cause and true proximate cause." *Corbus*, 150 Idaho at 602, 249 P.3d at 401. With actual cause, the inquiry centers factually on whether a particular event produced a particular consequence. *Id.* "The 'but for' test is used in circumstances where there is only one actual cause or where two or more possible causes were not acting concurrently." *Id.* However, "where there are multiple independent forces that may have caused or contributed to the harm," the substantial factor test is used. *Doe v. Sisters of Holy Cross*, 126 Idaho 1036, 1040, 895 P.2d 1229, 1233 (Ct. App. 1995) (citing *Manning v. Twin Falls Clinic & Hosp., Inc.*, 122 Idaho 47, 51, 830 P.2d 1185, 1189 (1992); *Fussell v. St. Clair*, 120 Idaho 591, 595, 818 P.2d 295, 299 (1991)). The "substantial factor" test is established if the conduct was a substantial factor in bringing about the injury, even if two or more possible causes may have produced the

injury. *Manning*, 122 Idaho at 51, 830 P.2d at 1189; *see also* 57A Am. Jur. 2d *Negligence* § 458 (2017). Proximate cause is established if the injury is a reasonably foreseeable result. *Corbus*, 150 Idaho at 602, 249 P.3d at 401.

The district court correctly relied on tort law principles to find causation established, reasoning that:

> The Court would note that the defense in noting its concerns and its objection to the restitution requested and its objection to restitution had focused on the issue of actual or proximate cause in terms of whether or not the Court should find that restitution would be appropriate for Mrs. Wisdom in this particular case.
>
> In this situation, the defense has noted the two different standards for proximate cause in the tort law in this situation, one being the but-for test, the other one being the substantial probability test or the foreseeability test, if you will.
>
> In this situation, the Court has reviewed pattern jury instructions related to those two bases for finding proximate cause. The but-for test is very clear that but for the conduct in question, the injury or injury would not have occurred. In this situation, the but-for test has been recognized in the area of a personal injury or tort law for some period of time.
>
> A couple of things I would note, and interestingly enough, this is a common theme both for the substantial factor as well as the but-for test. First of all, the conduct in question need not be the only cause of the injury that occurred. "It is sufficient if," and I am quoting here in ICJI 2.3[0.1], "It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway."
>
> Similarly, on the substantial factor test, ICJI 2.30.2. Again, in this situation, "It is not or it need not be the only cause," again quoting, "It is sufficient if it is a substantial factor in bringing about the injury, loss or damage." Once again, "It is not a proximate cause if the injury, loss or damage likely would have occurred anyway."
>
> [Wisdom's Counsel], in his arguments to the Court is relying on that last sentence or language, if you will, from both instructions. And that is -- his argument is that the injury in this case would have occurred regardless of what Mrs. Wisdom did or did not do.
>
> The Court disagrees. In this situation again, it is clear to the Court, based upon the guilty plea that entered in this case and the review of the presentence materials submitted, that under either standard, the but-for test or the substantial factor test, had it not been for Mrs. Wisdom's failure to protect her child, whether it be by removing the child from the home, by reporting the conduct in question that resulted in the injuries that the child sustained, that under those circumstances the injury likely would not have occurred and therefore it was either a substantial factor or but for that conduct the injury would not have occurred.

It is not the only cause. Clearly [Ronald], by his conduct has significantly contributed the injuries sustained by ML that required the mental health treatment and the medication treatment as well.

But in this situation the Court is satisfied based upon either standard, whether it be the but-for test or the substantial factor test, that, in fact, Mrs. Wisdom's conduct as alleged in the amended complaint in this case and as admitted to by her under oath when she pled guilty, was, in fact, a proximate cause of the injury sustained by the child that did require the medical treatment.

Here, we affirm that causation is supported by substantial evidence. Although Wisdom contends causation is speculative, the district court found causation was "clear to the Court, based upon [1] the guilty plea that entered in this case and [2] the review of the presentence materials . . . ." As to the guilty plea, Wisdom pled guilty to the following charge in the Amended Information:

That the Defendant, CHRISTINA ROSE WISDOM, on or between January 2007 and May 2013, in the County of Ada, State of Idaho, did, under circumstances likely to produce great bodily harm or death, willfully cause or permit the child to suffer unjustifiable physical pain or mental suffering, to-wit: M.L., a child under the age of eighteen, to-wit: between the age of seven (7) to fourteen (14), by allowing RONALD EDWARD WISDOM access to M.L., after M.L. had reported his sexual touching to her on three (3) separate occasions and having M.L. promise not to tell anyone else because CHRISTINA ROSE WISDOM would take care of it.

Thus, Wisdom pled guilty to having "willfully cause[d] or permit[ted] [M.L.] to suffer unjustifiable physical pain or mental suffering[.]" In this case, the presentence materials are sufficient to support that conclusion—*i.e.*, that Wisdom caused M.L. to suffer injury. The presentence report explains how Wisdom learned of the abuse in 2007 and allowed it to continue until 2013 by failing to intervene. In fact, in 2007, Wisdom told M.L. to not tell anyone about the abuse, and that Wisdom would take care of it. But because Wisdom did nothing, the abuse continued until 2013.

Wisdom acknowledges the above but argues causation is not established. She emphasizes how at least one instance of abuse had occurred before she learned of it, and therefore, the evidence does not show M.L. would not have been injured but for Wisdom's conduct. That argument overlooks the substantial factor test, which applies where, as here, multiple causes or factors produce an injury. *E.g.*, *Manning*, 122 Idaho at 51, 830 P.2d at 1189. In discussing the substantial factor test, the Restatement provides:

A person whose tortious conduct is otherwise one of the legal causes of an injurious result is not relieved from liability for the entire harm by the fact that the

7

tortious act of another responsible person contributes to the result. Nor are the damages against him thereby diminished. This is true where both are simultaneously negligent . . . and also where the act of one either occurs or takes harmful effect after that of the other . . . . It is immaterial that as between the two, one of them was primarily at fault for causing the harm or that the other, upon payment of damages, would have indemnity against him. It is also immaterial that the conduct of one was seriously wrongful while the conduct of the other was merely negligent or, indeed, blameless.

Restatement (First) of Torts § 879, cmt. a (1939). Under the substantial factor test, it is irrelevant that Wisdom learned of the abuse after at least one instance had already occurred. Likewise, the substantial factor test renders it irrelevant that Ronald was also a cause of M.L.'s injury, as the district court correctly acknowledged. Thus, even though Wisdom's inaction did not set the course of abuse in motion, her inaction contributed to the abuse by allowing it to continue until authorities intervened in 2013.[1]

Wisdom further argues her inaction did not cause M.L.'s injury, emphasizing how M.L. told the presentence investigator that M.L. "did not want to be present in Court or say anything about her mother that could be construed as bad." We are not persuaded. For one, M.L. also told the presentence investigator that M.L. "continually struggles with her mother's decision to remain married to Ronald Wisdom and described it as psychologically devastating to [M.L.]" Moreover, in her objection to restitution submitted to the district court, Wisdom acknowledged that the abuse is what injured M.L. and required her to obtain counseling. And, in her sentencing materials, Wisdom further acknowledged "how much damage has been caused, the psychological damage and the physical damage has been done to [M.L.]," citing the abuse. Contrary to Wisdom's argument, the record does show her inaction caused M.L. injury.

We acknowledge our recent cases of *State v. Cunningham*, slip op. 44176 at 5 (Idaho Feb. 27, 2017), and *State v. Nelson*, slip op. 44177 at 6 (Idaho Feb. 27, 2017), where we held that unsworn representations did not "constitute 'substantial evidence' upon which restitution under [Idaho Code] section 37-2732(k) may be based." Critical to our holdings in *Cunningham* and *Nelson* was the fact that section 37-2732(k) only permits restitution to be awarded for

---

[1] Wisdom never asserts that each instance of abuse produced a separate, divisible injury. As a result, the district court treated M.L.'s injury as an indivisible one resulting from the entire course of abuse and assessed the award jointly and severally against Wisdom and Ronald. Although we acknowledge it is vitally important to ensure that each defendant is liable for only the amount of damage attributable to the defendant's conduct, absent argument or evidence from Wisdom that fault should be apportioned, we are left to conclude it was proper to assess the award jointly and severally. *See Gallagher v. State*, 141 Idaho 665, 669, 115 P.3d 756, 760 (2005) (explaining that issues not raised in the opening brief are waived).

prosecution expenses "*actually incurred*." We were careful to limit our holdings in *Cunningham* and *Nelson* by hewing close to that statutory mandate, instructing that "measuring up to section 37-2732(k)'s burden to prove expenses actually incurred will generally require sworn statements that delineate the time spent performing specific tasks." *Cunningham*, slip op. 44176 at 6; *Nelson*, slip op. 44177 at 6. Thus, *Cunningham* and *Nelson* are limited to restitution under section 37-2732(k), and no analogy can be advanced to this case. Indeed, the causation inquiry at issue in this case is plainly not susceptible to a sworn accounting ledger.

Wisdom cites us to *State v. McNeil*, 158 Idaho 280, 346 P.3d 297 (Ct. App. 2014), but *McNeil* does not change our analysis. *McNeil* involved a restitution award entered against a defendant convicted of voluntary manslaughter. *Id.* at 284, 346 P.3d at 301. The restitution award was earmarked for the victim's father's counseling. *Id.* The Court of Appeals vacated the award for lack of causation, explaining that:

> The prosecutor offered only speculative argument that even though the counseling was initiated prior to the crime, "[i]t's also hard to believe that after the murder of the daughter that that wouldn't come up." The record shows that members of the victim's family were traumatized by McNeil's crime. Their victim impact statements at sentencing disclose their grief and anguish. It is entirely plausible that some of the post-death counseling was necessitated by McNeil's acts. Nonetheless, we are constrained to hold that the State failed to present evidence of such fact. Speculative argument does not constitute evidence. Because the State failed to prove causation, it was error for the district court to grant restitution for the cost of counseling for the victim's father.

*Id.* Thus, in *McNeil*, the counseling "was *initiated prior to the crime*." *Id.* (emphasis added). That is not true here. M.L.'s counseling, at least for sexual abuse, commenced after authorities intervened in 2013.

For the above reasons, the district court correctly found causation established. In this case, the guilty plea and the presentence materials are sufficient to establish that Wisdom injured M.L. And, Wisdom conceded that the abuse is what injured M.L. and required her to obtain counseling, as she acknowledged that fact in her objection to restitution submitted to the district court. Given that the guilty plea and the presentence materials show that Wisdom's inaction was a substantial factor in bringing about M.L.'s injury, the State was not required to submit any additional evidence. We affirm that the district court properly found causation established.

9

**C.      The restitution award does not constitute an abuse of discretion.**

Finally, Wisdom maintains that the restitution award constitutes an abuse of discretion because she is unable to repay it. As noted, "whether to order restitution, and in what amount, is within the district court's discretion and is guided by consideration of the factors set forth in Idaho Code section 19-5304(7)." *Corbus*, 150 Idaho at 602, 249 P.3d at 401. To that end, section 19-5304(7) provides:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider [1] the amount of economic loss sustained by the victim as a result of the offense, [2] the financial resources, needs and earning ability of the defendant, and [3] such other factors as the court deems appropriate. *The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.*

(emphasis added). Thus, a court may order restitution based on a foreseeable ability to repay the award. *See, e.g.*, *State v. Kelley*, slip op. 44178 at 7–8 (Feb. 27, 2017) (citation omitted). We will not disturb this factual finding on appeal if it is supported by substantial evidence. *See Corbus*, 150 Idaho at 602, 249 P.3d at 401.

Here, the district court found that Wisdom had a foreseeable ability to repay the award, stating:

> The Court would note that [Wisdom], although currently her employment pays if not minimum wage, close to it, in this situation, nonetheless, does -- will be on probation for an extended period of time and there is nothing that the Court is aware of that would preclude her from perhaps moving up, realizing an increase in her salary and at some point being able to at least make some payment towards the restitution requested in the case.

The presentence materials serve as substantial evidence supporting that conclusion. The presentence materials state that Wisdom has no physical or mental impairments "hindering her employability" and is therefore capable of working to repay the restitution award. In fact, the presentence report prepared on February 5, 2014, notes that Wisdom had "no viable source of income" at that time and was similarly "unemployed when she committed the instant offense." Yet, by the time of the restitution hearing on April 6, 2015, Wisdom had found a job "pay[ing] if not minimum wage, close to it . . . ."

The district court relied on *State v. Bybee*, 115 Idaho 541, 768 P.2d 804 (Ct. App. 1989), to conclude restitution was proper. *Bybee* concerned a restitution award totaling $1,628,738.00 entered against a defendant who had "pled guilty to grand theft of precious metals . . . from various victims." *Id.* at 542, 768 P.2d at 805. The defendant was sixty-one years of age, had no

10

assets, and was incarcerated under an indeterminate fourteen-year sentence. *Id.* at 543, 768 P.2d at 806. The defendant, however, "had the business acumen to earn money for restitution upon his eventual release from prison." *Id.* That conclusion was based on the fact that the defendant had operated an investment service that engaged in "speculative trading." *Id.* at 542, 768 P.2d at 805. *Bybee* noted that, given the magnitude of the million dollar award, the defendant was unlikely to ever repay it. *Id.* at 543, 768 P.2d at 806. Even so, if the defendant were to obtain some assets, "the victims should have ready access to the assets for satisfaction of their losses." *Id.*

Wisdom contends *Bybee* does not support the district court's analysis. She highlights how the *Bybee* court noted that "[i]f the order required [the defendant] to make installment payments or if it had set a deadline for paying restitution, we would be inclined to vacate the order. As it now stands, however, the order simply gives the victims the present ability to obtain a judgment." *Id.* Unlike *Bybee*, the restitution award requires Wisdom to make monthly installment payments as a condition of her probation. Wisdom, however, overlooks that *Bybee*'s concern about imposing deadlines or installment payments was rooted in the fact that the defendant was unlikely to ever repay the award, "[g]iven the magnitude of the amounts involved . . . ." *Id.* That concern is absent in this case. Indeed, the restitution award in *Bybee*—$1,628,738.00—greatly exceeds the restitution award here—$11,069.82, and the district court specifically found that Wisdom had a foreseeable ability to repay it. *Cf. id.* (explaining that "[t]he court may order restitution in contemplation of a future ability to pay"). Thus, *Bybee* supports the district court's analysis.

Based on the above, the restitution award does not constitute an abuse of discretion.

### V.    CONCLUSION

We affirm the restitution award entered against Wisdom.

Justices EISMANN, W. JONES, HORTON and BRODY, **CONCUR.**

11