IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46137

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 25, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ARTHUR WILLIAM GREYDANUS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara Buchanan, District Judge.

Order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Arthur William Greydanus appeals from the district court's order of restitution. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In late 2017, the victim drove to Greydanus's property to deliver mail, and Greydanus's son kicked the victim's truck door. An altercation ensued among Greydanus, his son and the victim, during which Greydanus hit the victim in the head with a stick, and Greydanus's son allegedly hit the victim in the head with a baseball bat. When law enforcement arrived, the victim was on the ground unconscious and was transported to the hospital.

As a result of the altercation, the State charged Greydanus with aggravated battery. Pursuant to a plea agreement, Greydanus pled guilty to misdemeanor battery for "unlawfully and

intentionally causing bodily harm, to-wit: a head injury, to the person of [the victim] against his will." Meanwhile, Greydanus's son pled guilty to misdemeanor assault for the same incident.

In a joint restitution hearing for both Greydanus and his son, the State called two witnesses: the victim and a financial recovery officer for the Idaho Crime Victims Compensation Program (CVCP), which paid the victim's medical expenses. The victim testified that Greydanus hit the victim in the head with a stick and that he was transported to the hospital after the altercation, released the next day, taken back to the hospital via Life Flight and thereafter spent an additional five days in the hospital. Further, the victim testified his head injury exacerbated his pre-existing epilepsy. The CVCP officer testified she compiled a summary of the CVCP's payments of the victim's medical expenses. This payment summary detailed the medical expenses the CVCP paid on behalf of the victim, including $11,047.97 for the cost of Life Flight. The full amount of restitution totaled in excess of the statutory limit of $25,000. *See* IDAHO ADMIN. CODE r. 17.05.01.011 (2019).

The State requested that the district court order Greydanus to pay $25,000 in restitution. Greydanus objected to the Life Flight expense, arguing it was "an unnecessary expense [Greydanus] should not be held accountable for because [the victim] was flight-lifted the next day" and "anything could have happened between that night and the next day to cause injury or cause [the victim] to be life-flighted to [the hospital]."

The district court granted the State's request and awarded $25,000 to the CVCP,[1] finding all of the losses the CVCP sustained, including the Life Flight expense, were directly attributable to Greydanus's criminal conduct.[2] Greydanus timely appeals.

## II.

### STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. Whether to order restitution and in what amount is within the trial court's discretion, guided by consideration of the factors set forth in

---

[1]   Greydanus does not dispute that the CVCP is the "victim" for purposes of restitution. *See* I.C. § 19-5304(1)(e)(i) and (iv) (defining victim as entity suffering economic loss because it made payments on behalf of the directly injured victim).

[2]   The district court declined to find Greydanus's son jointly and severally liable for the restitution because the son "pled guilty to misdemeanor assault and so . . . [the court could not] find whether or not [he] touched [the victim]."

2

I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). An order of restitution will not be overturned unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (1994).

The monetary amount of restitution awarded is a factual question for the district court and will not be disturbed if supported by substantial evidence. *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014). Substantial evidence is "relevant evidence as a reasonable mind might accept to support a conclusion." *State v. Wisdom*, 161 Idaho 916, 919, 393 P.3d 576, 579 (2017) (quoting *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013)).

### III.

### ANALYSIS

On appeal, Greydanus challenges the district court's restitution order as it relates to the $11,047.97 Life Flight expense. "Restitution shall be ordered for any economic loss which the victim actually suffers." I.C. § 19-5304(2). Economic loss "includes, but is not limited to . . . direct out-of-pocket expenses, such as medical expenses resulting from criminal conduct." I.C. § 19-5304(1)(a). "Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator." I.C. § 19-5304(6). To establish a preponderance of the evidence for a restitution award, "the court may consider such hearsay as may be contained in the presentence report, victim impact statement or otherwise provided to the court." I.C. § 19-5304(6).

"[F]or restitution to be appropriate, there must be a causal connection between the conduct for which the defendant is convicted and the injuries suffered by the victim." *Wisdom*, 161 Idaho at 921, 939 P.3d at 581 (quoting *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011)). Determining causation for purposes of restitution is analyzed under tort law principles:

Causation consists of actual cause and true proximate cause. With actual cause, the inquiry centers factually on whether a particular event produced a particular consequence. The "but for" test is used in circumstances where there is only one actual cause or where two or more possible causes were not acting concurrently. However, where there are multiple independent forces that may have caused or contributed to the harm, the substantial factor test is used. The "substantial factor" test is established if the conduct was a substantial factor in bringing about the injury, even if two or more possible causes may have produced the injury. Proximate cause is established if the injury is a reasonably foreseeable result.

*Wisdom*, 161 Idaho at 921, 939 P.3d at 581 (citations, quotations, and brackets omitted).

A defendant's conduct, however, is not the proximate cause of an injury if there is an intervening, superseding cause. "In general, an intervening, superseding cause replaces the defendant's act as the proximate cause of the victim's injury." *Corbus*, 150 Idaho at 602, 249 P.3d at 401. An intervening, superseding cause is an independent act or force that breaks the causal chain between the defendant's culpable act and the victim's injury. *Id.* "[T]o relieve a defendant of criminal liability, an intervening cause must be an unforeseeable and extraordinary occurrence." *Id.* at 603-04, 249 P.3d 401-02. The defendant is liable for restitution if either he might or should have reasonably contemplated the possible consequences or harm that could result from his act. *Id.* at 604, 249 P.3d at 402.

On appeal, Greydanus argues "the State failed to establish *actual cause* for the Life Flight expense." (Emphasis added.) More specifically, Greydanus argues that "the State . . . failed to show [Greydanus's] criminal conduct in hitting [the victim] with a stick caused him to be life-flighted on the day after the injury" and that "[a]nything could have happened between that night and the next day to cause injury or cause [the victim] to be life-flighted." Greydanus's argument conflates actual causation with an intervening, superseding cause.

Although Greydanus argues the State failed to establish "actual cause," he has not disputed the evidence showing actual causation. That evidence includes that the victim testified Greydanus hit him in the head with a stick and that Greydanus pled guilty to hitting the victim and causing the victim's head injury. While Greydanus's son also allegedly hit the victim in the head, that does not mean Greydanus's conduct was not an actual cause of the injury. Because Greydanus contributed to the victim's head injury, he actually caused that injury under the substantial factor test.

Further, Greydanus does not dispute he proximately caused the victim's injury and the resulting medical expenses. The CVCP officer testified the CVCP concluded the victim's

4

medical expenses, including the Life Flight expense, were related to Greydanus's admitted criminal conduct. Greydanus does not dispute that it was reasonably foreseeable that hitting the victim in the head with a stick would result in the victim incurring medical expenses. Indeed, Greydanus does not even argue the victim's Life Flight expense was not reasonably foreseeable.

Instead, regarding the Life Flight expense, Greydanus argues "[a]nything could have happened between that night and the next day to cause injury or cause [the victim] to be life-flighted." This argument posits a question of intervening, superseding cause, not a question of actual causation. Conceivably, another injury or illness (including perhaps the victim's pre-existing epilepsy) may have caused the victim to be life-flighted the day after Greydanus hit the victim in the head with a stick. Greydanus, however, offered no evidence of such an intervening, superseding cause. Indeed, Greydanus did not even cross-examine the victim to inquire why he was life-flighted. Instead, Greydanus merely speculates some other cause may have necessitated the Life Flight expense.

As the State correctly notes, "it was not required to disprove the speculative possibility" some other, unknown incident caused the victim to be life-flighted. Rather, an intervening, superseding cause is an affirmative defense for which the defendant has the burden of proof. *State v. Cox*, 82 Idaho 150, 155, 351 P.2d 472, 475 (1960) (ruling defendant has burden of proving intervening cause). Because Greydanus failed to present any evidence that an intervening, superseding event or conduct caused the victim to be life-flighted, the only evidence in the record is that Greydanus actually and proximately caused the Life Flight expense.

Because substantial evidence supports the district court's restitution order, we cannot conclude the district court abused its discretion. Further, we reject Greydanus's general argument that the district court abused its discretion by failing to apply the correct legal standards. Greydanus does not specifically articulate how the district court failed to apply the correct legal standards. Generally, a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, to the extent Greydanus's challenge is that the district court did not make explicit causation findings, we conclude the record supports the district court's implicit findings that Greydanus actually and proximately caused the victim's Life Flight expense and that Greydanus failed to prove an intervening, superseding event was the cause. *See State v. Floyd*, 159 Idaho 370, 372, 360 P.3d 379, 381 (Ct. App. 2015).

5

## IV.
## CONCLUSION

The district court did not abuse its discretion in awarding the CVCP $11,047.97 for the victim's Life Flight expense, and substantial evidence supports the district court's restitution order.  Accordingly, the order of restitution is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.