# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47050

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

IAN M. BOLSTAD,

        Defendant-Appellant.

)
)  Filed: April 29, 2021
)
)  Melanie Gagnepain, Clerk
)
)  THIS IS AN UNPUBLISHED
)  OPINION AND SHALL NOT
)  BE CITED AS AUTHORITY
)
)

_____

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of nine years, for aggravated driving under the influence, <u>affirmed</u>; order for restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Ian M. Bolstad appeals from his judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of nine years, for aggravated driving under the influence (DUI) and from an order for restitution. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While Bolstad was driving down the interstate at speeds exceeding 90 mph, his vehicle struck another vehicle traveling the same direction. The impact launched the other vehicle across two lanes of traffic and into the air--where it finally came to rest on top of a concrete barrier in the

median, after striking a pole. Upon arriving at the scene, officers found Bolstad nearby, standing behind his damaged vehicle. Bolstad's movements were "erratic"; he had red, glossy eyes; and he was unable to focus. After initially blaming the collision on an unidentified driver who allegedly fled the scene, Bolstad admitted to officers that he used methamphetamine about an hour prior and might have caused the collision. While in custody awaiting a blood draw, Bolstad began holding nonsensical conversations with himself and claiming to be suffering from a "drug induced psychosis." The results of the blood draw indicated the presence of methamphetamine and amphetamine in Bolstad's system.

Pursuant to a plea agreement, Bolstad pled guilty to one count of aggravated DUI (I.C. § 18-8006) with both occupants of the vehicle Bolstad hit identified as victims. As part of the plea agreement, Bolstad also agreed to pay restitution in an amount to be determined. In exchange for Bolstad's guilty plea, the State dismissed other charges. The district court sentenced Bolstad to a unified term of fifteen years, with a minimum period of confinement of nine years. The district court left the issue of restitution open for a period of six months to allow time for the State to collect and submit evidence of the two victims' medical expenses. After a hearing, the district court ordered Bolstad to pay $836,723.71[1] in restitution. Bolstad appeals.

## II.

## STANDARD OF REVIEW

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). A restitution order is also reviewed for an abuse of discretion. *State v. Garcia*, 166 Idaho 661, 681, 462 P.3d 1125, 1145 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1]     Bolstad claims that the district court ordered him to pay only $831,728.71. However, the amounts listed in the district court's restitution order total $836,723.71.

2

**III.**

**ANALYSIS**

Bolstad argues that his sentence is excessive and that the district court erred by ordering restitution without properly considering his ability to pay. The State responds that neither Bolstad's sentence nor the district court's restitution order constitutes an abuse of discretion. We hold that Bolstad has failed to show error in his sentence or restitution obligation.

**A.    Sentence Review**

We begin by considering Bolstad's sentencing challenge. Bolstad does not contend that the district court imposed a sentence exceeding the maximum authorized by statute. Rather, Bolstad argues that the district court imposed an excessive sentence by failing to consider certain mitigating factors--specifically, his difficult early childhood, mental illness, substance abuse issues, familial support, and remorse. Bolstad has failed to show that these factors demonstrate that his sentence is excessive under any reasonable view of the facts.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At sentencing, the district court noted that it had reviewed the presentence investigation report and other documents, including a 178-page "mitigation investigation report" submitted by Bolstad. Additionally, Bolstad recounted the difficulties of his early childhood years, often living on the streets until the death of his biological mother led to his adoption by an aunt and uncle

around age three, after which Bolstad enjoyed a positive upbringing. Bolstad also highlighted his remorse, familial support, acceptance of responsibility, and realization that he must address his mental health and substance abuse issues. The district court also heard testimony and accepted unsworn statements from members of the victims' family about how Bolstad's criminal conduct affected them.

In pronouncing sentence, the district court began by reiterating the four objectives of sentencing and stating that it could not impose sentence based exclusively upon the perspectives espoused by either Bolstad's or the victims' families. The district court also expressly recognized that mental illness could serve as a mitigating factor but that, in Bolstad's case, his mental illness "intersected" with substance abuse. This intersection, according to the district court, exacerbated Bolstad's mental health issues and led to more than one instance in which he committed crimes after ingesting controlled substances. According to the presentence investigator, Bolstad knew how methamphetamine affected his mental health, but still chose to use it. The district court also commented on Bolstad's expression of remorse and the difficultly some individuals suffering from a mental illness have verbalizing such feelings. In light of the above and the serious injuries the two victims suffered, the district court concluded that Bolstad's crime compelled not only a period of incarceration to protect society, but also that his rehabilitation required a substantial period of community supervision after his release to facilitate monitoring of his mental health and medication compliance. Consequently, the district court imposed a unified sentence of fifteen years, with a minimum period of confinement of nine years, and did so after expressly considering most of the factors that Bolstad claims show that his sentence is excessive. The one factor that the district court did not expressly mention was Bolstad's difficult early childhood. However, Bolstad acknowledged he had virtually no memory of that period of his life and that he did not present evidence that it otherwise affected him.

Bolstad's sentencing challenge seeks to have this Court reweigh the district court's determinations that a given relevant factor was aggravating, instead of mitigating. Factors such as mental illness, substance abuse or low intelligence can be mitigating, aggravating or both. *Garcia*, 166 Idaho at 680, 462 P.3d at 1144. A trial court's determination that a given factor mitigates or aggravates is a factual one that will not be set aside unless it is clearly erroneous. *Id.* The record demonstrates that the district court's evaluation of Bolstad's mental illness, substance abuse,

4

familial support, and remorse was based upon careful consideration of the evidence presented during sentencing and is not clearly erroneous. Consequently, Bolstad has failed to show that the district court abuse its sentencing discretion.

**B.** **Restitution**

Bolstad also argues that the district court erred by ordering him to pay restitution without properly considering his ability to pay. The State responds that Bolstad waived any argument that he should pay *no* restitution and that the district court's consideration of his ability to pay is implicit in its restitution order. We hold that Bolstad has failed to show that the district court erred in ordering restitution.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). A defendant need not have the ability to pay restitution immediately; the foreseeable ability to pay can support a restitution award. *State v. Wisdom*, 161 Idaho 916, 924, 393 P.3d 576, 584 (2017). A trial court's determination that a defendant has the foreseeable ability to repay is a factual finding that will not be overturned on appeal if supported by substantial evidence. *Id.*

The State sought a restitution order against Bolstad for the medical costs incurred by his two victims. Bolstad's victims suffered serious, life-altering injuries as a result of Bolstad's criminal conduct. The driver of the vehicle Bolstad hit suffered numerous broken bones throughout her body and a mild brain injury, rendering her immobile without the assistance of a cane or wheelchair. The passenger in that same vehicle suffered even greater injuries. In addition to numerous broken bones and a traumatic brain injury, the passenger suffered a spinal injury that has paralyzed not only her limbs, but also her vocal cords--necessitating a tracheostomy and the insertion of a feeding tube. Treating these injuries required multiple surgeries and lengthy hospital stays, resulting in both victims incurring substantial medical bills.

Bolstad opposed the State's restitution request for the victim's medical costs by arguing, among other things, that restitution was "undesirable and inappropriate" due to his persistent,

"significant mental illness"[2] and lengthy prison sentence. Additionally, Bolstad asserted that his "future ability to earn income is limited, and largely unknown," and that he probably will be unable to obtain sufficient employment to satisfy the "nearly one million dollars of requested restitution." Ultimately, the district court ordered Bolstad to pay $836,723.71 in restitution to the victims and their insurance providers. In ordering restitution, the district court found that, "notwithstanding [Bolstad's] incarceration with the Idaho Department of Correction, evidence of his mental illness, and the large amount of [the] restitution claims," a restitution order was neither inappropriate nor undesirable. Bolstad faults the district court for discounting his current inability to pay and for allegedly failing to consider his future ability to satisfy the restitution award. Bolstad's arguments are unpersuasive.

Bolstad's first argument is nothing more than a request for this Court to reweigh the evidence related to his current ability to pay restitution. A defendant's immediate inability to pay is insufficient reason, by itself, to forego restitution. I.C. § 19-5304(7). Moreover, as noted, Bolstad agreed to pay *some* restitution as part of the plea agreement. Thus, Bolstad's current inability to pay does not show an abuse of discretion by the district court.

The only other error Bolstad asserts relating to restitution is the district court's alleged failure to consider his foreseeable ability to pay the full amount of restitution awarded. In support of this argument, Bolstad cites *Garcia*, 166 Idaho 661, 462 P.3d 1125. In *Garcia*, the trial court ordered the defendant to pay $162,285.27, an amount largely consisting of payments to medical providers, after he was found guilty of second degree murder, aggravated battery, and possession of a controlled substance. The Idaho Supreme Court vacated the restitution award because the trial court: (1) failed to recognize the distinction between a defendant's immediate inability to pay and his or her foreseeable ability to pay; and (2) failed to address the defendant's foreseeable ability to pay in its order for restitution. *Id.* at 682-83, 462 P.3d at 1146-47.

---

[2]    According to Bolstad's presentence materials, he began experiencing symptoms of mental illness (including auditory hallucinations) and struggling with substance abuse around 2014. In 2015, Bolstad received a formal schizophrenia diagnosis while in pretrial detention in Washington on a burglary charge.

Although the district court's explicit analysis underlying its restitution order is limited, we cannot say that it failed to address Bolstad's foreseeability to pay as in *Garcia*. The trial court in *Garcia* encapsulated the sum total of its analysis of the defendant's ability to pay in the following sentence: "Having considered [Garcia's] economic circumstances, the Court concludes that an order of restitution is appropriate in this case." *Id.* at 682, 462 P.3d at 1146. Unlike the *Garcia* language, the district court's analysis in this case demonstrates a focus on Bolstad's future ability to pay. In the restitution order, the district court acknowledged Bolstad's incarceration, mental illness, and the magnitude of the restitution requested. Implicit in the district court's acknowledgement of Bolstad's incarceration, which will last no less than nine years, and the amount of restitution requested is the recognition that Bolstad lacks the immediate ability to pay restitution. Moreover, in light of Bolstad's incarceration, his mental illness cannot affect and, therefore, holds minimal relevance to his immediate ability to pay restitution. Taken in context, the most reasonable interpretation of the district court's reference to Bolstad's mental illness is as an acknowledgment of its potential impact on his ability to pay restitution upon his release in the future. Thus, we cannot say that the district court failed to consider Bolstad's foreseeable ability to pay restitution, despite absence of an express finding in this regard.

Additionally, there is substantial evidence in the record to support a finding that Bolstad has the foreseeable ability to pay restitution. Bolstad claims that his ability to pay restitution "is, and will be, very low to non-existent for the foreseeable future," as his mental illness will likely force him to seek financial support through government assistance. In support of this claim, Bolstad cites a statement by a psychiatric evaluator noting that "most individuals with schizophrenia have great difficulty holding down jobs, even when they are taking medication." However, for two years after his schizophrenia diagnosis in 2015, Bolstad not only maintained employment, he also received a promotion. Additionally, Bolstad claimed during sentencing that he finally understood the importance of treating his mental health issues. Bolstad's decision to waive his physical presence at the hearing on his motion for a sentence reduction in hopes of starting his new mental health medication regime supports his claim. In sum, Bolstad's employment history and current desire to treat his mental health issues contradict his claim of complete unemployability.

Bolstad might ultimately fail to manage his mental health issues effectively in the future, leaving him with bleak employment prospects, as he claims. However, the district court was not required to forecast Bolstad's future earning power. *See id.* at 683, 462 P.3d at 1147. Bolstad has failed to show that the district court's order for restitution constitutes an abuse of discretion.

## IV.

## CONCLUSION

Bolstad has failed to show that the district court imposed an excessive sentence or abused its discretion by ordering him to pay $836,723.71 in restitution. Accordingly, Bolstad's judgment of conviction and sentence for aggravated DUI and the district court's order for restitution are affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.