# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 49671/49672/49673

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: September 22, 2023** |
| **Plaintiff-Respondent,** ) | |
| ) | **Melanie Gagnepain, Clerk** |
| **v.** ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| **MATHEW PEARSON,** ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Orders of restitution, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

This appeal involves three consolidated cases. Following trial, the district court entered a judgment of conviction and order of restitution in each case. Pearson timely appeals and alleges the district court committed a fundamental error in imposing restitution while he was unrepresented by counsel and by failing to provide adequate notice of the court's intent to impose the restitution in the absence of objection. Because restitution is essentially a civil proceeding distinct from the criminal case, the fundamental error doctrine is inapplicable on appeal and may not be invoked as the basis for reversing the trial court's order of restitution. The judgments of conviction and orders of restitution are affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a consolidated jury trial, Pearson was found guilty of three counts of conspiracy to deliver a controlled substance, methamphetamine, Idaho Code §§ 37-2732(a)(1)(A), 18-701;

1

one count of conspiracy to deliver a controlled substance, marijuana, I.C. §§ 37-2732(a)(1)(B), 18-701; three counts of conspiracy to introduce contraband, methamphetamine, into a correctional facility, I.C. §§ 18-2510(3), 18-701; and one count of conspiracy to introduce contraband, marijuana, into a correctional facility, I.C. §§ 18-2510(3)(a), 18-701. The cases proceeded to a joint sentencing hearing where the court imposed unified sentences of twenty-five years, with twelve years determinate, for each count of conspiracy to deliver a controlled substance, methamphetamine; five years determinate for conspiracy to deliver a controlled substance marijuana; five years determinate for each count of conspiracy to introduce contraband, methamphetamine; and five years determinate for conspiracy to introduce contraband, marijuana, into a correctional facility. The district court ordered all sentences to run concurrently with each other, but consecutively to previously imposed sentences. The district court also ordered restitution in each case in an amount to be submitted by the State within thirty days. Upon receipt, the defense had seven days to object and absent an objection, the court would enter an order for restitution.

While the restitution amount was pending, Pearson timely filed notices of appeal from his judgments of conviction. On April 13, 2022, Pearson's trial attorney moved for permission to withdraw as counsel; on April 15, 2022, the court granted defense counsel's motion to withdraw. On April 28, 2022, the State filed the restitution requests for the costs of prosecution. Pearson's former trial attorney was served notice of the requests. After the seven-day timeframe for objections passed and having received no objections, the court awarded restitution to the State. Pearson appeals from his judgments of conviction and alleges the district court committed a fundamental error by ordering restitution while he was unrepresented by counsel and by failing to provide adequate notice of the court's intent to impose the restitution in the absence of objection.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must

2

show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

## III.

## ANALYSIS

Pearson asserts the district court erred in ordering restitution when Pearson was not represented by counsel or given notice of the district court's notice of intent to impose restitution, thereby violating Pearson's constitutional rights to due process and effective assistance of counsel, resulting in a fundamental error. In response, the State argues Pearson failed to establish a claim of fundamental error.

Pearson's appellate claim of fundamental error regarding the entry of the restitution order is foreclosed by *State v. Wisdom*, 161 Idaho 916, 920, 393 P.3d 576, 580 (2017). In *Wisdom*, Wisdom argued the restitution award violated her right to due process and, thus, the restitution award constituted fundamental error. *Id.* Specifically, Wisdom argued that restitution payments were paid to an entity who the State had not proven was a victim as defined in the law and, absent this error, restitution would not have been ordered. *Id.* Wisdom asserted the error resulted in prejudice and therefore the award should be overturned. *Id.*

The Idaho Supreme Court reiterated that restitution proceedings are civil in nature and are not a part of the criminal sentence. *Id.*; *see also State v. Mosqueda*, 150 Idaho 830, 833, 252 P.3d 563, 566 (Ct. App. 2010) (explaining that "restitution, while attendant to a criminal conviction and most-often adjudicated at the sentencing hearing, is not a part of defendant's 'sentence'"). The Court further emphasized that restitution is "separate and apart from a criminal sentence." *Wisdom*, 161 Idaho at 920, 393 P.3d at 580; *see also Mosqueda*, 150 Idaho at 834, 252 P.2d 567. The Court noted that restitution is not a part of a criminal sentence because it is remedial and not punitive in nature, serving to compensate victims for their losses. *Wisdom*, 161 Idaho at 920, 393 P.3d 580. Ultimately, the *Wisdom* Court held that "[b]ecause restitution proceedings are civil in nature, the fundamental error doctrine does not apply" to challenges to restitution proceedings. *Id.*

3

Here, Pearson challenges the entry of the restitution order on the grounds of fundamental error, an argument foreclosed by the holding in *Wisdom*. Pearson does not provide any argument or authority explaining why *Wisdom* is inapplicable in this case. Consequently, the judgments of conviction and orders of restitution are affirmed.

## III.

## CONCLUSION

Because Pearson's only argument is foreclosed by the Supreme Court's opinion in *Wisdom*, he has failed to show error in the district court's restitution order. Accordingly, the restitution orders are affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.